18-1761-cr
*United States v. Greenland*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of October, two thousand nineteen.

PRESENT:  DENNIS JACOBS,
          ROBERT D. SACK,
          PETER W. HALL,
               *Circuit Judges*.

_____

United States of America,

        *Appellee*,

        v.                       No. 18-1761

Ronald Greenland, AKA Ronald Clair Greenland, AKA Clare Greenland,

*Defendant-Appellant*.*

_____

For Appellant:                    Darrell Fields, Federal Defenders of New York, Inc. Appeals Bureau, New York, NY.

For Appellee:                    Olga I. Zverovich, Daniel B. Tehrani, Assistant United States Attorneys, *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Karas, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Defendant-Appellant Ronald Greenland was convicted by guilty plea of one count of illegal reentry into the United States after deportation following a conviction for an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). Greenland challenges his within-Guidelines 151-month sentence as substantively unreasonable and further contends that the district court erred when it imposed

_____

* The Clerk of Court is respectfully requested to amend the caption as stated above.

2

his federal sentence partially consecutive to an undischarged state sentence.   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

I.

First, Greenland contends that the district court abused its discretion in imposing a guideline sentence of 151 months for his illegal reentry offense because it is a greater than necessary punishment for this offense and is therefore substantively unreasonable.   In support, Greenland points out that if he had been found in the United States only a few days earlier, the previous Sentencing Guidelines, with its range of 77 to 96 months, would have applied.   He also argues that the illegal reentry guideline in the 2016 Sentencing Guidelines is "eccentric" and "arbitrary" as it yields offense levels for non-violent acts that are higher than other violent acts.

We review sentences for unreasonableness, which "amounts to review for abuse of discretion."   *United States v. Cavera*, 550 F.3d 180, 187 (2d Cir. 2008) (*en banc*).   "A sentencing judge has very wide latitude to decide the proper degree of punishment for an individual offender and a particular crime."   *Id.* at 188. While a district court "may not presume that a Guidelines sentence is reasonable"

3

and instead must "conduct its own independent review of the sentencing factors," the Guidelines provide the starting point for sentencing. *Id.* at 189; *see also Kimbrough v. United States*, 552 U.S. 85, 108 (2007). "We will . . . set aside a district court's *substantive* determination only in exceptional circumstances where the trial court's decision 'cannot be located within the range of permissible decisions.'" *Cavera*, 550 F.3d at 189 (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)). Our review provides "a backstop for those few cases that, although procedurally correct, would nonetheless damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).

Here, we cannot say that the district court's decision is outside "the range of permissible decisions." *Rigas*, 490 F.3d at 238. During the sentencing hearing, the district court weighed the factors set forth in 18 U.S.C. § 3553(a), considering, among other things, the Guideline sentence and nature of the offense; Greenland's personal history and characteristics, including his repeated decisions to reenter the country and his extensive criminal history; the need to impose a sentence that promotes respect for the law in the face of this repeated criminal

4

conduct, evidencing a disrespect for the law; the need for deterrence, both generally to others who may consider repeatedly reentering the country illegally, and specifically to Greenland, who reentered again despite a prior 60-month sentence for an illegal entry offense; and the need to avoid unwarranted sentence disparities. These factors "can bear the weight assigned to [them] under the totality of circumstances in the case." *Cavera*, 550 F.3d at 191.

Greenland's arguments that the sentence should nonetheless be found unreasonable are unavailing. The district court was not, as suggested by Greenland, required to consider the Sentencing Guidelines in effect before November 1, 2016 because Greenland was found in the United States close in time to when those Guidelines would have applied. *See United States v. Whittaker*, 999 F.2d 38, 42 (2d Cir. 1993) (the district court correctly applied Sentencing Guidelines in effect when defendant was "found" in the United States, rather than those in effect when he illegally entered). And Greenland's reliance on *United States v. Dorvee* for the proposition that an "eccentric" Guideline which yields exceptionally high sentences does not deserve deference is misplaced. 616 F.3d 174 (2d Cir. 2010). Unlike the child pornography Guideline at issue in that case, which was amended by Congress without Commission consultation, the illegal reentry

5

Guideline was amended by the Sentencing Commission after a multi-year study and extensive data collection and analysis. *See* U.S.S.G. Supp. to App. C, Amend. 802, at 153, 155; *Dorvee*, 616 F.3d at 184-88. Indeed, the Sentencing Commission "fills an important institutional role," especially when it "bases its determinations on empirical data and national experience" as it did here; it was not inappropriate for the district court to consider the Commission's evidence-based guidelines. *Kimbrough*, 552 U.S. at 109 (2007).

Because the chosen sentence is one that "can[] be located within the range of permissible decisions," *Cavera*, 550 F.3d at 189, and is not "shockingly high, . . . or otherwise unsupportable as a matter of law," *Rigas*, 583 F.3d at 123, we find no substantive error in the sentence imposed.

## II.

Second, Greenland argues that the district court erred in imposing a partially consecutive sentence, making 100 of the 151 months consecutive to his state sentence, rather than a concurrent sentence. Greenland asserts that the district court's rationale for imposing a partially consecutive sentence—that his state conviction could be invalidated, or his sentence could be commuted some time in the future—was not a proper justification under 18 U.S.C. § 3553(a).

6

District courts have broad discretion to decide whether to impose a sentence to run concurrently, partially concurrently, or consecutively. U.S.S.G. § 5G1.3(d); *United States v. Coppola*, 671 F.3d 220, 253 (2d Cir. 2012); *see also* 18 U.S.C. § 3584. In making this determination, the sentencing court is directed to consider the § 3553(a) factors, and should also consider the type and length of the undischarged sentence; the time served, and likely to be served before release, on the undischarged sentence; where and when the prior undischarged sentence was imposed (federal or state court); and other circumstances relevant to sentencing for the instant offense. 18 U.S.C. § 3584; U.S.S.G. § 5G1.3 cmt. n.4(A). We will not overturn the district court's sentencing decision unless we find an abuse of discretion. *United States v. Matera*, 489 F.3d 115, 124 (2d Cir. 2007).

The district court explained that it was imposing a partially consecutive sentence to make certain that Greenland was separately punished for the federal offense of illegal reentry. The record, when viewed as a whole, is clear that the district court was primarily concerned with ensuring the federal sentence remained relevant; the examples of how it could become relevant cited by Greenland do not somehow render this rationale improper. The sentence here certainly falls within the range of permissible decisions, and we cannot say that

the district court abused its discretion by ensuring that Greenland would actually serve a portion of the sentence it imposed after carefully considering the § 3553(a) factors.

\* \* \*

We have considered Appellant's remaining arguments and find them to be without merit.   We hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court